597 A.2d 539

IN THE MATTER OF BASIL D. BECK,
JR., AN ATTORNEY AT LAW.

October 22, 1991.

ORDER

BASIL D. BECK., JR., of BRIDGETON, who was admitted to the bar of this State in 1963, having come before the Court on its Order to Show Cause why the trusteeship created under authority of the Court's Order of July 18, 1991, should not be terminated; why respondent should not be restrained from practicing law as a sole practitioner; and why respondent

should not be suspended from the practice of law or otherwise disciplined pending the further Order of the Court;

And the Court, on the return date of the Order to Show Cause, having been informed by Trustees Edward S. Miller and Joseph W. Veight of the current conditions of the trusteeship, the continuing financial problems of the practice, as reflected by an inability to meet all payroll expenses in a timely manner and to pay all filing fees or maintain malpractice insurance, and the recurrent calendar-control and client-neglect problems that led to the requirement that respondent practice under supervision, and the recent personal bankruptcy filing by respondent;

And the Court having considered as well respondent's representations that he continues to devote all of his energies to the maintenance of his practice and believes that he can work out his financial problems in the near future;

And it appearing to the Court that despite the best efforts of the trustees, respondent is currently unable to practice law independently without danger to the public, that he continues to accept retainers without the capacity to fulfill the obligations of representation or to meet current commitments of his office, that inattention to the existing backlog of cases creates a clear danger to the interests of his clients, and that the supervening bankruptcy has created an added layer of administrative difficulty,

And good cause therefore appearing;

It is ORDERED that:

1. The trusteeship created under the Court's order of July 18, 1991, is terminated;

2. Effective immediately, respondent is temporarily suspended from the practice of law pending the further Order of the Court and until such time as the Court shall approve an effective plan presented by Respondent that would allow him to practice law, either solely as an employee under the full-time

supervision of an attorney or firm of this State or through other suitable arrangements approved by the Court;

3. The present trustees are hereby designated as trustees under *Rule* 1:20–12 and are directed, after consultation with the Trustee appointed by the Bankruptcy Court, to close respondent's law office in an orderly and expeditious manner pursuant to that Rule; and

4. Subject to the approval of the Bankruptcy Court in respect of any proprietary rights of respondent, the trustees shall arrange for the appropriate transfer of respondent's files as the clients may direct or the trustees shall deem prudent.